FILED
U.S. District Court
District of Kansas
11/12/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DALTON XAVIER LAX,

Petitioner,

v. CASE NO. 26-3147-JWL

DON LANGFORD,[1]

Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Dalton Xavier Lax, a state prisoner incarcerated at El Dorado Correctional Facility in El Dorado, Kansas. This matter comes now before the Court on the petition (Doc. 1) submitted on the required, court-approved form.

The Court in July 2026 ordered Respondent to file a limited Pre-Answer Response ("PAR") addressing the affirmative defense of exhaustion and procedural default of Ground Two of the petition. (Doc. 4.) After obtaining one extension of the deadline, Respondent timely filed his PAR on September 28, 2026. (Doc. 8). Petitioner was granted until and including November 2, 2026, to file a reply to the PAR if he wished (*see* Doc. 6), but that deadline has now passed without Petitioner filing a reply. As explained below, the Court agrees with Respondent that it cannot consider the merits of Petitioner's Ground Two.

---

[1] The proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Petitioner was moved from El Dorado Correctional Facility to Ellsworth Correctional Facility. Thus, Don Langford, the warden of Ellsworth Correctional Facility where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Federal Rules of Civil Procedure 25(d) and 81(a)(4).

**Background**

Petitioner is currently serving a lengthy prison sentence imposed after a jury in Shawnee County, Kansas, convicted him of multiple crimes. (*See* Case No. 2016-CR-1458.) Petitioner pursued a direct appeal, and the Kansas Court of Appeals ("KCOA") reversed Petitioner's conviction for criminal possession of a firearm but affirmed his other convictions. *State v. Lax*, No. 1221, 540, 2020 WL 7409957 (Kan. App. 2020) (unpublished). The Kansas Supreme Court ("KSC") denied the subsequent petition for review. Petitioner then filed in state district court a motion seeking relief under K.S.A. 60-1507, which was summarily denied. *See Lax v. State*, Case No. 2022-CV-193.) Petitioner appealed, but in July 2025, the KCOA affirmed, and the KSC denied the petition for review on February 27, 2026. *Lax v. State*, No. 127,222, 2025 WL 2018402 (Kan. App. 2025) (unpublished).

On May 22, 2026, Petitioner effectively filed in this Court the § 2254 petition that began this federal habeas matter. (*See* Doc. 1.) Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. foll. § 2254. The Court began the Rule 4 review and directed Respondent to file a PAR addressing whether Ground Two of the petition was properly exhausted. (Doc. 4.) Respondent timely filed the PAR (Doc. 8) and the time allotted for Petitioner to file a reply to the PAR has expired. The Court has carefully considered the PAR and is now prepared to rule on whether Petitioner has properly exhausted Ground Two for federal habeas relief he asserts in the petition.

**Exhaustion Requirements**

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'"

*Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1553 (10th Cir. 1994)). Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas appellate courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a) ("In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies."). The purpose of the exhaustion requirement is to "give state courts a fair opportunity to act on [a Petitioner's] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citation omitted). The United States Supreme Court has held that before a state prisoner may pursue federal habeas relief on the grounds that his or her federal constitutional rights have been violated, "the federal claim must be fairly presented to the state courts." *See Picard*, 404 U.S. at 275.

In other words, the state courts must have the first chance to remedy violations of the rights guaranteed to state prisoners who are sentenced for violations of state law, even when the rights in question are guaranteed by the United States Constitution. *See id.* at 275-76. In order to give the state appellate courts a fair opportunity to resolve his federal constitutional claims, Petitioner must have presented to the state court the same arguments on which he now bases his request for federal habeas relief. The Tenth Circuit recently reaffirmed this principle, stating:

> "For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' . . . ." Thus, we recognize that we must afford state courts "the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights," which those courts cannot do unless they have been "alerted to the fact that the prisoners are asserting claims under the United States Constitution." A petitioner "need not cite 'book and verse on the federal constitution.'" But he must do "more than present[ ] 'all the facts necessary to support the federal claim' to the state court or articulat[e] a 'somewhat similar state-law claim.'" At bottom, "the crucial inquiry is whether *the 'substance'* of the petitioner's claim has been presented to the state courts in a

manner sufficient to put the courts on notice of the federal constitutional claim." *Honie v. Powell*, 58 F.4th 1173, 1184 (10th Cir. 2023) (citations omitted).

In addition to presenting the same claim to both the state appellate courts and this federal Court, Petitioner must have presented the claim to the state courts in a way that complied with adequate and independent state procedural rules. "When a state court dismisses a federal claim on the basis of noncompliance with adequate and independent state procedural rules, federal courts ordinarily consider such claims procedurally barred and refuse to consider them." *Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012). In other words, when "the claim has been presented [in the state court] for the first and only time in a procedural context in which its merits will not be considered," a federal habeas court will not consider the claim. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020). A federal court can excuse a lack of exhaustion "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief," *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981), or when the state's highest court has recently decided the precise legal issue that the petitioner seeks to raise in his federal habeas petition, *Goodwin v. Oklahoma*, 923 F.2d 156, 157 (10th Cir. 1991). In addition, the Tenth Circuit has explained that the Court may "ignore the exhaustion requirement altogether and deny the petition on the merits" because "none of the petitioner's claims has any merit." *See Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009).

**Discussion**

In the PAR, Respondent argues that Ground Two of the petition was not properly exhausted

and this Court should therefore decline to consider the merits of the claim. (Doc. 8, at 3-5.) The Court agrees.

In Ground Two, Petitioner asserts that he was deprived of his Sixth Amendment right to effective assistance of counsel because his trial counsel did not object to the jury trial waivers related to two elements he stipulated to for his criminal possession of a firearm charge. (Doc. 1, at 7.) Petitioner correctly asserts that he raised this issue in his K.S.A. 60-1507 state habeas petition. However, Petitioner did not appeal this issue after the district court summarily denied the petition. Therefore, this claim is unexhausted.

When a federal habeas petition is a mixed petition, meaning that it contains exhausted and unexhausted claims and state-court remedies are still available for the unexhausted claims, the federal court generally should dismiss the matter "without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted). But there does not appear to be any available avenue by which Petitioner could now return to state court to exhaust his claim in Ground Two that his constitutional right to effective assistance of counsel was violated by his trial counsel's failure to object to jury trial waivers. Any K.S.A. 60-1507 petition that Petitioner might file in the future would be subject to dismissal under K.S.A. 60-1507(c) as successive. *See* K.S.A. 60-1507(c) ("The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.").

Because Petitioner failed to previously present his Ground Two claim to the state courts and can no longer do so, there is an anticipatory procedural bar which prevents the federal court from addressing the merits of Ground Two. *See Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007).

Generally speaking, when a claim was procedurally defaulted or is subject to an anticipatory procedural bar, the federal court cannot consider the merits of the claim. *See Anderson*, 476 F.3d at 1139 n.7 (addressing anticipatory procedural bar); *Banks*, 692 F.3d at 1144 (addressing procedural default). There are two scenarios in which a federal court may consider the merits of a procedurally defaulted habeas claim or a habeas claim subject to an anticipatory procedural bar: (1) when the petitioner establishes cause for the failure to properly exhaust and actual prejudice or (2) when the petitioner establishes that a fundamental miscarriage of justice will occur if the Court does not consider the merits of the claims. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Fontenot v. Crow*, 4 F.4th 982, 1028 (10th Cir. 2021) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

It is Petitioner's burden to show that he has exhausted his claims. Petitioner was given the opportunity to reply to the PAR, but he has not done so. Although the Court liberally construes the pro se petition filed in this case, it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Therefore, the Court concludes that it may not address the merits of Ground Two of the petition. This claim will be denied with prejudice. *See Fuller v. Warden, Ark. Valley Corr. Facility*, 698 Fed. Appx. 929, 934, 943 (10th Cir. 2017) (unpublished) (declining to issue certificate of appealability where district court dismissed with prejudice procedurally defaulted claims). The Court will order Respondent to file an answer on the merits of the two remaining grounds for federal habeas relief.

## Conclusion

The Court has completed reviewing the petition (Doc. 1) as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts and finds that:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and
2. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas with respect to the arguments made in his petition.

**IT IS THEREFORE ORDERED**

1. That Don Langford, Warden of Ellsworth Correctional Facility where Petitioner is currently confined, is substituted as Respondent in this matter.
2. That Ground Two of the petition (Doc. 1) is **dismissed with prejudice** because it is barred by anticipatory procedural default, and Petitioner has not made the showing required for the Court to consider the merits of claims despite this status.
3. That pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondent shall file an answer on or before **January 13, 2027,** showing why the writ should not be granted based on the arguments in Grounds One and Three of the petition (Doc. 1).
4. That the answer should address:
    a. The necessity for an evidentiary hearing on the sole remaining ground for relief alleged in Petitioner's pleading;
    b. Whether any argument therein is barred by a statute of limitations, the failure to exhaust state remedies, or any other procedural bar; and
    c. An analysis of the remaining ground for relief and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this Court for examination and review the

records and transcripts, if available, of the criminal proceedings complained of by Petitioner. If a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings and any subsequent postconviction proceedings.

5. That upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.
6. That Petitioner be granted to and including **February 12, 2027,** to file a traverse—or reply—to the answer, admitting or denying, under oath, all factual allegations therein contained.
7. That the clerk of this Court then return this file to the undersigned for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

**DATED: This 12th day of November, 2026, at Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**United States District Judge**